■ ABE BERNSTEIN, Respondent, v. SARA ACKERMAN, Appellant, et al., Defendants.— Appeal by defendant Sara Ackerman from a judgment of the Supreme Court, entered in Ulster County in favor of the plaintiff and against the defendant Sara Ackerman, in the sum of $2,952.84. The action was brought to set aside certain conveyances as fraudulent as against creditors. It appears that Margaret V. Ackerman, mother of the defendant Sara Ackerman, owned various parcels of real estate, including a 200-acre farm, found by the Official Referee to be of the value of $25,000. While the owner of such real estate the owner, Margaret V. Ackerman, became indebted to the plaintiff for the purchase

of cattle used upon the farm, which indebtedness was eventually reduced to judgment against Margaret V. Ackerman. On June 30, 1953, while such indebtedness was in existence, Margaret V. Ackerman conveyed three parcels of land to her daughter, the defendant Sara Ackerman, for a nominal consideration, and with no revenue stamps attached to the deeds. On October 10, 1954, Margaret V. Ackerman conveyed all of her remaining property to her said daughter, Sara Ackerman, with a proviso: "I am conveying herewith both of my farms to my daughter Sara Ackerman, as a condition of this conveyance I charge the home farm, and only that farm, with the maintenance and support of myself and my son Sylvan, as long as we both live,", and thereby Margaret V. Ackerman became insolvent. There is evidence that prior to this conveyance Sara Ackerman told the plaintiff in the presence of Margaret V. Ackerman that if he pressed for payment of his indebtedness he would get nothing and that the property would be transferred. Concededly Sara Ackerman received from her mother a transfer of two farms valued at $25,000, a transfer of $14,000 due from the State of New York for a Thruway appropriation, and $2,000 due from the sale of sand, making a total of $41,000. She assumed a mortgage of $8,000. It was appellant's contention on the trial that Sara Ackerman had loaned her mother over a period of years very substantial sums of money, which constituted a good and sufficient consideration for the conveyances. As we view this record it does not present any legal question — it presents only a question of fact, dependent, to a considerable extent, on the credibility of witnesses. The Official Referee has found as a fact that: "The defendant Sara Ackerman was not a bona fide creditor of her mother Margaret V. Ackerman"; and that: "On October 10, 1954, the defendant Margaret V. Ackerman conveyed the two-hundred acre farm and property to her daughter Sara Ackerman in fraud of her creditor Abe Bernstein." There is adequate evidence in the record to sustain such findings. The Official Referee reached the conclusion: "The conveyances on the part of said Margaret V. Ackerman, to Sara Ackerman, her daughter, were made with intent on the part of Margaret V. Ackerman and Sara Ackerman, to hinder and defraud this plaintiff and the creditors of Margaret V. Ackerman." The Referee has resolved the questions of fact upon a record which presents open questions of fact, and we see no reason to disturb his findings. Judgment unanimously affirmed, with costs to respondent against appellant. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.